IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHALVA JAVAKHISHVILI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-5992 |
| | : | |
| J.L. JAMISON, *Warden, FDC Philadelphia, in his official capacity*, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **August 20, 2026**

Petitioner Shalva Javakhishvili brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Mr. Javakhishvili who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Shalva Javakhishvili is a native and citizen of Georgia who entered the United States without inspection in February 2023. Pet. ¶¶ 2, 19, Dkt. No. 1. He was apprehended by Customs and Border Patrol (CBP) shortly thereafter and released into the country. *Id.* ¶ 2. He has resided here since. *Id.*

On August 15, 2026, more than three years after Mr. Javakhishvili entered the United States, he was arrested near his home in Philadelphia and detained by Immigration and Customs Enforcement (ICE). *Id.* ¶ 4. ICE then transferred him to the Federal Detention Center in Philadelphia, where he remains. *Id.* He filed this petition on August 18, 2026.

The Government contends Mr. Javakhishvili is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't's Resp. 1–2, Dkt. No. 4.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. Gov't's Resp. 2–3.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Judges in this District have consistently reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The First, Second, Sixth, Seventh, Ninth,

Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Guerrero Orellana v. Moniz*, __ F.4th __, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026) (holding that "noncitizens . . . who are present in the United States without admission are not subject to § 1225(b)(2)(A)'s mandatory detention provision"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731–34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026) ("join[ing] the majority of circuits that have confronted th[e] question" and rejecting the government's argument that a noncitizen who is deemed an "applicant for admission" must also be "seeking admission"); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission").[1]

[1] The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Gov't's Resp. 2 n.1.

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Guerrero Orellana*, *Lopez-Campos*, *Cirrus Rojas*, *Rodriguez Vazquez*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Javakhishvili] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Mr. Javakhishvili's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in February 2023, lived here for over three years, and was arrested by ICE in the interior in August 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Mr. Javakhishvili's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.